IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENELL B. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 12-cv-314-MJR |
| | ) |
| TOM MITCHELL, RON HATTON, and | ) |
| JAMES N. CROSS, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Jenell B. Moore, a federal inmate currently confined at the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged deprivations of his constitutional rights. On Plaintiff's complaint form, he was given the choice to label this pro se action either as a civil-rights complaint under 42 U.S.C § 1983 as a state prisoner; a civil-rights complaint under 28 U.S.C. § 1331 as a federal prisoner; or a civil complaint under the Federal Tort Claims Act or other law (Doc. 1, p. 1). He checked both the § 1983 and § 1331 choices. The Clerk of Court labeled the action a § 1331 claim because Plaintiff is a federal inmate. As the Court will discuss below, however, the allegations in the complaint sound in negligence, indicating Plaintiff should be bringing this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 2671–2680. The Court will conduct its preliminary review of the complaint under 28 U.S.C. § 1915A, which provides:

> **(a) Screening.**— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for Dismissal.**— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> **(2)** seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of the plaintiff's claim, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. At the same time, however, the factual allegations of a pro se complaint are to be construed liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

## The Complaint

On the afternoon of July 27, 2011, Plaintiff was working as a utility worker in the Food Service Department at the Federal Correctional Institution in Greenville, Illinois. The Food Service Administrator, Tom Mitchell, ordered an inmate named Jones to dispose of all "Hot Bio-Hazardous Waste Chemicals and Materials" (oil and grease) from the fryer area in the kitchen.

The Assistant Food Service Administrator, Ron Hatton, ordered Plaintiff to assist Jones. Plaintiff was not given any safety equipment and had not been trained to remove such waste. As Hatton stood nearby and supervised, Jones scooped up the waste and poured it into a large plastic container. Jones was ordered to have Plaintiff help move the plastic container. When they picked it up, the bottom melted away and hot waste spilled onto Plaintiff's right leg, injuring his leg, foot, and ankle. Plaintiff seeks $25,000 from each defendant and requests a trial by jury.

**Discussion**

Although Plaintiff calls his complaint § 1983 or § 1331 civil-rights action, it is a negligence claim. Plaintiff outlines the elements of negligence at common law and says Defendants were negligent and breached their duty to, among other things, ensure that Plaintiff was provided with training to handle hot chemicals and materials.

Federal prisoners may bring suit under the FTCA for injuries sustained through the negligent acts of prison officials. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir.2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)). Such a claim may be brought for:

> [P]ersonal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Palay*, 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)). Under Illinois law, a plaintiff states a claim for negligence if he alleges "facts establishing the existence of a duty of care owed by the defendants to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill.2011). "Whether a duty is owed presents a question of law for the court to decide, while breach of duty and proximate cause present ques-

tions of fact for the jury to decide." *Id.* Plaintiff's complaint, liberally construed, states a negligence claim that at this stage of the litigation merits further review.

Plaintiff names James N. Cross, Tom Mitchell, and Ron Hatton as defendants, but in an action under the FTCA the United States of America is the only proper defendant. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Therefore, the Court shall make the appropriate substitution of parties.

Aside from the complaint, Plaintiff has a pending motion to supplement the record with documents showing he has attempted to serve each defendant with a copy of the complaint (Doc. 4). It is not necessary to file these documents; service is being made as directed below. Plaintiff's motion to supplement is therefore **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that the United States of America is **SUBSTITUTED** as the Defendant in this action, and Defendants **CROSS, MITCHELL,** and **HATTON** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that in all future filings, the title of this case shall be *Jenell B. Moore, Plaintiff v. United States of America, Defendant*. The Clerk of Court is **DIRECTED** to correct the classification of this case in the electronic docket to reflect that it is an FTCA claim. The Clerk of Court is further **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the com-

plaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. This entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    IT IS SO ORDERED.

    DATED: September 10, 2012

    <u>/s/ MICHAEL J. REAGAN</u>
    **MICHAEL J. REAGAN**
    **United States District Judge**