IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENELL B. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   12-cv-314-MJR-SCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 15). Specifically, Defendant seeks dismissal of Plaintiff's claim for negligence under the Federal Tort Claims Act because his claim is precluded as the Inmate Accident Compensation Act offers Plaintiff's sole remedy for his injuries.  This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c)**, **FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **Local Rule 72.1(a)**.  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, **GRANT** Defendant's Motion to Dismiss (Doc. 15) and **DISMISS without prejudice** his claim against Defendant.

### II.   Factual Background

The allegations which form the basis of Plaintiff's Complaint stem from an incident which occurred while Plaintiff was an inmate at Greenville Correctional Institution.  While housed at Greenville, Plaintiff worked as a utility worker in the Food Service Department (Doc. 7 p. 2).  On July 27, 2011, the Food Service Administrator ordered an Inmate Jones to dispose of oil and grease from a

fryer in the kitchen (*Id.*). Plaintiff was ordered by the Assistant Food Service Administrator to help Jones with the disposal of the grease (Doc. 7 p. 3). Plaintiff alleges that he was not given any safety equipment, nor did he have proper training on the removal of the grease (*Id.*). Inmate Jones scooped the grease into a large plastic container even though the proper way of disposing of the grease was by placing it in a metal container (Doc. 1-1 p. 19). Plaintiff was ordered to help Jones move the container (Doc. 7 p. 3). Upon picking up the container, the bottom of the plastic container melted away due to the hot grease, causing the hot grease to spill onto Plaintiff's right leg (*Id.*). As a result, Plaintiff injured his right leg, foot, and ankle.

On October 29, 2012, Defendant United States filed a motion to dismiss Plaintiff's Complaint. Defendant maintains that Plaintiff's claim under the Federal Torts Claim Act is precluded as the Inmate Accident Compensation Act is the sole and exclusive remedy for injuries obtained while in the prison work force (Doc. 15). Plaintiff has filed a Response (Doc. 22) in opposition to the motion arguing that his claim is viable under the Federal Torts Claim Act.

### III.   Conclusions of Law

**A.   Motion to Dismiss Standard**

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing

*Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

**B.      Analysis**

Defendant argues that Plaintiff's negligence claim should be dismissed because he has failed to state a claim under the Federal Tort Claims Act. Specifically, Defendant maintains that Plaintiff's claim under the FTCA is improper as his exclusive remedy for his injuries is under the Inmate Accident Compensation Act (IACA), 28 C.F.R. § 301.101, et seq.. The Prison Industries Fund was created to provide for payments to compensate "inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." **18 U.S.C. § 4126(c)(4).** The regulations governing the program are entitled the Inmate Accident Compensation Act (IACA). The IACA allows for the recovery of lost time and wages, as well as for physical impairment and death. *See* **28 C.F.R. §301.201; 28 C.F.R. § 301.301-302.** The IACA provides the sole and "exclusive remedy for federal inmates injured while working." *Paschal v. United States*, 302 F.3d 768, 769 (7th Cir. 2002) (*citing United States v. Demko*, 385 U.S. 149, 152, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Bagola v. Kindt*, 39 F.3d 779, 780 (7th Cir. 1995)); 28 C.F.R. § 301.319 (IACA bars recovery for work related injuries under the FTCA). In *Paschal,* the Seventh Circuit found that the Act also applied to federal pretrial detainees and thus barred a claim for injuries under the FTCA as the IACA is the sole

remedy for both injured federal inmates and pretrial detainees. *Id.* (Plaintiff was a pretrial detainee who fell on a wet floor while working in the prison's kitchen and sought to sue the Government under the FTCA). While the IACA bars all claims brought against the Government under the FTCA, the Act does not preclude a *Bivens* suit brought against prison officials. **See *Bagola*, 39 F.3d at 780 (acknowledging that 18 U.S.C. § 4126 bars suit under the FTCA).**

Like in *Paschal*, Plaintiff seeks to recover damages for the Government for injuries he obtained due to an accident while he was working in the prison kitchen at Greenville. Although Plaintiff's original Complaint alleged that his claim was filed under § 1983 and § 1331, the Court construed his Complaint as a civil complaint under the Federal Tort Claims Act because he raised a claim of negligence only.[1] As a federal inmate who was injured while working at the prison, his sole remedy is through the Inmate Accident Compensation Act. ***Paschal*, 302 F.3d at 769 (citing *Demko*, 385 U.S. at 152, 87 S.Ct. 382, 17 L.Ed.2d 258).** When Plaintiff began working at Greenville, he was informed of his rights under the IACA and received a copy of the regulations (See Doc. 15 Ex. 1). Plaintiff was again informed of his rights after the July 27, 2011 incident and instructed that a final determination of whether his injury was work related would be determined upon his filing a claim under the IACA (Doc. 1-1 at pp. 19-20). Instead, Plaintiff filed an administrative claim under the FTCA which was denied by the Federal Bureau of Prisons because, as the denial pointed out, his sole recourse was under the IACA (Doc. 15 Ex. 3). While Plaintiff tries to argue that the cases Defendant cites to has nothing to do with the Federal Tort Claims Act, the Seventh Circuit in *Paschal* clearly acknowledges that a FTCA claim is barred by 18 U.S.C. §4126 and the IACA. ***Paschal*, 302 F.3d at 769**. Thus, Plaintiff's claim for negligence under the FTCA is barred by the Inmate Compensation Program Act and the undersigned **RECOMMENDS** that Defendant's motion to

---

[1] The Court noted in its §1915A review that the Clerk of Court had initially labeled Plaintiff's Complaint as a §1331 Bivens Complaint because Plaintiff was a federal inmate. §1983 applies only to state prisoners.

dismiss (Doc. 15) be **GRANTED** and Plaintiff's Complaint **DISMISSED without prejudice**.[2] Should Plaintiff want to seek relief for his injuries under the IACA, he should follow the procedures set for the IACA for filing such a claim.  *See* **28 C.F.R. § 301.101 et. seq.**

### IV.   Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff's claim of negligence is barred by the Inmate Accident Compensation Act, **GRANT** Defendant's motion to dismiss (Doc. 15) and **DISMISS** Plaintiff's Complaint **without prejudice**.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals**.**  *See, e.g., Snyder v. Nolen***, 380 F.3d 279, 284 (7th Cir. 2004).**  Accordingly, Objections to this Report and Recommendation must be filed on or before **April 8, 2013.**

**IT IS SO ORDERED**.

DATED: March 22, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

[2] The Court notes that while Plaintiff incorrectly labeled his claim as one under § 1331, he acknowledges in his responsive brief that he is indeed seeking a claim for negligence pursuant to the FTCA.