IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENELL B. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-0314-MJR-SCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

    A.    <u>Introduction and Procedural Background</u>

Sixteen months ago, Jenell Moore (incarcerated at FCI-Greenville, a federal correctional facility within this Judicial District) filed suit in this Court asserting negligence claims under 42 U.S.C. 1983. Moore seeks to recover monetary damages for leg/foot/ankle injuries sustained in July 2011 when he was ordered to assist a fellow inmate in moving a hot hazardous waste container in the Food Service Equipment Area of the prison kitchen.

On threshold review of the case under 28 U.S.C. 1915A (see Doc. 7), the undersigned District Judge construed Moore's negligence claims as arising under the Federal Tort Claims Act, 28 U.S.C. 1346, 2671-2680 rather than Section 1983,[1]

---

[1] Moore is in the custody of the *federal* Bureau of Prisons (BOP). The Federal Tort Claims Act subjects the United States to liability for the negligent acts of its employees acting with the scope of their employment. *See* **28 U.S.C. 1346(b)(1).** By contrast, Section 1983 covers suits against *state* officials for violations of federally-secured civil rights.

substituted the proper Defendant (the United States of America), and ordered service made on the USA. The Honorable Stephen C. Williams, U.S. Magistrate Judge, entered a Trial Practice Schedule. *See* Docs. 17, 18, 19.

In October 29, 2012, the USA moved to dismiss Moore's complaint for failure to state a claim upon which relief can be granted (Doc. 15). Specifically, the USA asserted that because Moore's claim arose from a work-related injury while he was incarcerated, his exclusive remedy lies under the Inmate Accident Compensation Act, 18 U.S.C. 4126, et seq., warranting dismissal of this action. After obtaining an extension of time to oppose the USA's motion, Moore filed a responsive memorandum on January 28, 2013.

Now before the Court is a Report and Recommendation (R&R) submitted by Magistrate Judge Williams on March 22, 2013 (Doc. 23). Plaintiff Moore secured an extension of the deadline by which to file objections to the R&R. The undersigned Judge extended the objection due-date twice, with objections due by June 7, 2010.

Moore signed his objections and placed them in the prison mail system on June 7, 2010; they reached the Clerk's Office of this Court June 10, 2013 (Doc. 28).[2] The Court, giving Plaintiff the benefit of the "mailbox rule," will consider the objections to be

---

[2] The mailbox rule holds that certain pleadings submitted by persons reliant on a penal institution to mail court papers are considered filed when they are properly deposited in the prison mail system, rather than when they are received by the Court. *See, e.g., Houston v. Lack*, **487 U.S. 266 (1988);** *Rutledge v.* **U.S., 230 F.3d 1041, 1052 (7th Cir. 2000),** *cert. denied***, 531 U.S. 1199 (2001);** *United States v. Craig***, 368 F.3d 738, 740 (7th Cir. 2004);** *Edwards v. United States,* **266 F.3d 756, 768 (7th Cir. 2001).** Although the mailbox rule arguably applies only to notices of appeal, habeas petitions, and motions under Federal Rule of Civil Procedure 59(e), the undersigned Judge has liberally applied it to other filings by prisoners.

timely-filed. The USA responded to the objections on June 21, 2013 (Doc. 29). The matter having been fully briefed, the Court now adopts the R&R for the reasons below-described.

  B. <u>Analysis</u>

Federal Rule of Civil Procedure 12(b)6) governs motions to dismiss for failure to state a claim. In deciding a 12(b)(6) motion, the district court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." ***Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008),** *quoting **Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).** A complaint need not contain detailed factual allegations to meet this standard; but it must "go beyond mere labels and conclusions" and contain "enough to raise a right to relief above the speculative level." ***G&S Holdings, LLC v. Continental Casualty Co., 697 F.3d 534, 537-38 (7th Cir. 2012),** citing **Twombly*, 550 U.S. at 555.** See also ***Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).**

"Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" ***Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009),** *cert. denied,* **130 S. Ct. 1141 (2010),** *quoting **Tamayo v. Blagoyevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).**

> *Iqbal* clarified two working principles underlying the *Twombly* decision. First, although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion. *Id.* Accordingly, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, the plausibility standard calls for a "context-

specific" inquiry that requires the court "to draw on its judicial experience and common sense." *Id* . at 679.

*McReynolds v. Merrill Lynch & Co., Inc.*, **694 F.3d 873, 885 (7th Cir. 2012).** So, in the instant case, this Court reviews the amended complaint, taking as true all well-pled factual allegations. After excising the allegations *not* accepted as true (legal conclusions), the Court must decide whether the remaining factual allegations plausibly suggest that Plaintiff Moore is entitled to relief. *McCauley v. City of Chicago*, **671 F.3d 611, 616 (7th Cir. 2011).**

Bearing note is the fact that a Rule 12(b)(6) dismissal motion "must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, **600 F.3d 726, 733 (7th Cir. 2010)**, *citing* FED. R. CIV. P. 10(c) and *Segal v. Geisha NYC LLC,* **517 F.3d 501, 504-05 (7th Cir. 2008).** If, on a Rule 12(b)(6) motion, matters *outside* the pleadings are presented to (and not excluded by) the court, the motion must be treated as a Rule 56 motion for summary judgment. *General Insurance Co. of America v. Clark Mall Corp.*, **644 F.3d 375, 378 (7th Cir. 2011);** FED. R. CIV. P. 12(d).[3]

Of course, documents attached to the complaint and central to the claims are considered as part of the complaint itself and properly considered. *See Arnett v. Webster*, **658 F.3d 742, 746 (7th Cir. 2011)**. *Accord Citadel Group, Ltd. v. Washington*

---

[3] That means the court must notify the parties that it will consider the additional matters and provide a reasonable opportunity for the parties to present all materials pertinent to the motion, so construed. *Doss v. Clearwater Title Co.*, **551 F.3d 634, 639-40 (7th Cir. 2008).** *See also Santana v. Cook County Bd. of Review*, **679 F.3d 614 (7th Cir. 2012).**

*Regional Medical Center,* **692 F.3d 580, 591 (7th Cir. 2012) (In deciding a 12(b)(6) motion, courts "may consider documents attached to or referenced in the pleading if they are central to the claim.").**

The question now before the Court is whether Plaintiff's suit in this Court merits dismissal for failure to state a claim upon which relief can be granted, because the claims he presents are precluded or barred by the Inmate Accident Compensation Act (IACA), also referred to as the Inmate Compensation Program. On de novo review of the issue, the undersigned District Judge (like Magistrate Judge Williams) concludes that Plaintiff Moore's sole remedy for the claims he presents herein lies under the IACA.

The USA emphasizes the fact that before he began his job at FCI-Greenville, Plaintiff signed a form *acknowledging* that any work-related injuries would be compensable only through the Inmate Accident Compensation Act. The USA further offers that Plaintiff's FTCA claim at the administrative level was denied by BOP Regional Counsel, who sent Plaintiff a letter explaining that Plaintiff's proper remedy lay under the Inmate Accident Compensation procedures. The USA furnished a copy of the form, letter, and related documentation with its motion but did not address whether consideration of such "outside the pleadings" material is appropriate on a Rule 12(b)(6) motion. The undersigned Judge did not consider these materials in reaching his conclusion herein.

The IACA, and the regulations promulgated thereunder, provide compensation for federal inmates who suffer work-related injuries.  **18 U.S.C. 4126; 28 C.F.R. 301.101,** *et seq.*

> [T]he Supreme Court has long recognized the right of federal prisoners to recover damages against the United States under the FTCA for personal injuries sustained as the result of the negligence of a federal employee…. But when a federal prisoner's injuries are work-related, the Supreme Court has held that the prisoner's exclusive remedy against the government is the Inmate Accident Compensation Act; he cannot sue the government under the FTCA.

*Smith v. United States,* **561 F.3d 1090, 1099 (10th Cir. 2009),** *cert. denied,* **558 U.S. 1148 (2010),** *citing United States v. Demko,* **385 U.S. 149, 152-54 (1966).**

The United States Court of Appeals for the Seventh Circuit has explained that 18 U.S.C. 4126(c)(4) permits Federal Prisons Industries, Inc. (commonly known as UNICOR, a government corporation within the BOP which provides industrial work programs for federal inmates) to compensate prisoners for their work-related injuries. *Bagola v. Kindt,* **131 F.3d 632, 634 (7th Cir. 1997).**

More to the point, the IACA is not just one avenue of redress for injured federal prison workers.  "That Act provides the exclusive remedy for federal inmates injured while working."  *Paschal v. United States,* **032 F.3d 768, 769 (7th Cir. 2002).**  *See also* *Demko,* **385 U.S. at 152 (rejecting an injured federal prisoner's FTCA claim based on the availability of a remedy under the IACA, the Supreme Court declared, "where there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group").**

Here, there is no question that Moore's injuries were work-related. The complaint plainly alleges that he was burned by hot grease that spilled on his right leg, foot and ankle, while he was working in the prison kitchen, having been ordered to assist fellow inmate Jones to move the container of grease. Nor is there any doubt that Moore was a person in federal custody. The law of this Circuit holds that the sole remedy for the work-related injuries of a federal inmate like Moore is through the Inmate Compensation Program. *Id.; Demko*, **385 U.S. 152;** *Bagola*, **39 F.3d at 780.**

Moore contends that *Palay v. United States*, **349 F.3d 418, 425 (7th Cir. 2012),** supports his theory that he can bring an FTCA claim *instead of* seeking redress under the IACA. As *Demko* held, *Smith* clarified, and Defendant USA correctly pointed out in response to Moore's objections (Doc. 29, p. 2), the FTCA authorizes claims for personal injuries of federal prisoners, but if the injuries are work-related, the prisoner's only remedy against the government is the Inmate Accident Compensation Act.

Because Moore, a person in federal custody, seeks to recover damages from the USA for injuries sustained while working in the prison kitchen, his exclusive remedy is the procedures under the IACA. His complaint must be dismissed for failure to state a claim upon which relief can be granted.

C.   Conclusion

For all these reasons, the Court **ADOPTS in its entirety** Judge Williams' R&R (Doc. 23), **OVERRULES** Plaintiff Moore's objections thereto (Doc. 28), **GRANTS** the USA's Rule 12(b)(6) dismissal motion (Doc. 15), and **DISMISSES** this action without prejudice. The Clerk of Court shall close the case in this Court. As Judge Williams

noted (Doc. 23, p. 5), if Plaintiff wishes to seek relief for his injuries under the IACA, he should follow the procedures set forth in that Act and the regulations related thereto, *see* 28 C.F.R. 301.101, et seq.

IT IS SO ORDERED.

DATED July 2, 2013.

s/Michael J. Reagan
Michael J. Reagan
United States District Judge

Case 3:12-cv-00314-MJR   Document 31   Filed 07/02/13   Page 8 of 8   Page ID #120